# Tab A

**IN THE SANDUSKY MUNICIPAL COURT**

**ERIE COUNTY, OHIO** 2011 JUN 17 PM 2 36

Midland Funding, LLC

        Plaintiff,

                                    Case No. CVF 0800975

vs.

Andrea L. Brent

           Defendant/Third-Party Plaintiff

vs.

Midland Credit Management, Inc.

| | |
|---|---|
| Paul A. Wilhelm (0075662) | Dennis E. Murray, Sr., Esq. (0008783) |
| Theodore W. Seitz (MI Bar # 60320) | Donna J. Evans, Esq. (0072306) |
| Co-Counsel for Midland Funding, LLC and | Attorneys for Andrea Brent |
| Midland Credit Management, Inc. | Murray & Murray Co., L.P.A. |
| DYKEMA GOSSETT PLLC | 111 E. Shoreline Drive |
| 400 Renaissance Center | Sandusky, Ohio 44870 |
| Detroit, Michigan 48243 | (419) 624-3000 |
| (313) 568-6966 | dms@murrayandmurray.com |
| (517) 374-9149 | dae@murrayandmurray.com |
| tseitz@dykema.com | |
| pwilhelm@dykema.com | |

Brian C. Block, SCR # 0076526
Melissa Hager, SCR # 0072388
Co-Counsel for Midland Funding, LLC and
Midland Credit Management, Inc.
Javitch, Block & Rathbone, LLP
1100 Superior Ave., 19th Floor
Cleveland, OH 44114-2518
(216) 687-1199
CLE@JBANR.com

---

**STIPULATION TO DISMISS WITH PREJUDICE**

The parties, through their undersigned counsel, hereby stipulate to dismiss the claims made by Midland Funding, LLC against Andrea Brent with prejudice and without costs or fees to any party.

Paul A. Wilhelm (0075662)
Theodore W. Seitz (MI Bar # 60320)
Co-Counsel for Midland Funding, LLC and
Midland Credit Management, Inc.
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, Michigan 48243
tseitz@dykema.com
pwilhelm@dykema.com

Dennis E. Murray, Sr., Esq. (0008783)
Donna J. Evans, Esq. (0072306)
Attorneys for Andrea Brent
Murray & Murray Co., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio 44870
(419) 624-3000
dms@murrayandmurray.com
dae@murrayandmurray.com

Brian C. Block, SCR # 0076526
Melissa Hager, SCR # 0072388
Co-Counsel for Midland Funding, LLC and
Midland Credit Management, Inc.
Javitch, Block & Rathbone, LLP
1100 Superior Ave., 19th Floor
Cleveland, OH 44114-2518
(216) 687-1199

**IN THE SANDUSKY MUNICIPAL COURT**

**ERIE COUNTY, OHIO**

2011 JUN 17  PM 2 36

Midland Funding,, LLC

       Plaintiff,

Case No. CVF 0800975

vs.

Andrea L. Brent

       Defendant/Third-Party Plaintiff

vs.

Midland Credit Management, Inc.

| | |
|---|---|
| Paul A. Wilhelm (0075662)<br>Theodore W. Seitz (MI Bar # 60320)<br>Co-Counsel for Midland Funding, LLC and<br>Midland Credit Management, Inc.<br>DYKEMA GOSSETT PLLC<br>400 Renaissance Center<br>Detroit, Michigan 48243<br>(313) 568-6966<br>(517) 374-9149<br>tseitz@dykema.com<br>pwilhelm@dykema.com | Dennis E. Murray, Sr., Esq. (0008783)<br>Donna J. Evans, Esq. (0072306)<br>Attorneys for Andrea Brent<br>Murray & Murray Co., L.P.A.<br>111 E. Shoreline Drive<br>Sandusky, Ohio  44870<br>(419) 624-3000<br>dms@murrayandmurray.com<br>dae@murrayandmurray.com |

Brian C. Block, SCR # 0076526
Melissa Hager, SCR # 0072388
Co-Counsel for Midland Funding, LLC and
Midland Credit Management, Inc.
Javitch, Block & Rathbone, LLP
1100 Superior Ave., 19th Floor
Cleveland, OH 44114-2518
(216) 687-1199
CLE@JBANR.com

---

**ORDER FOR DISMISSAL**

This matter having come before the Court on the stipulation of the parties, and the Court being advised in the premises:

IT IS HEREBY ORDERED that the claims made by Midland Funding, LLC against Andrea Brent are dismissed with prejudice and without costs or fees to any party.

LAN01\235303.1
ID\TWS - 097356/0045

## IN THE SANDUSKY MUNICIPAL COURT
## ERIE COUNTY, OHIO

| | |
|---|---|
| **MIDLAND FUNDING LLC** | Case No. CVF0800975 |
| Plaintiff, | |
| vs. | Judge |
| **ANDREA L. BRENT** | |
| Defendant and Third-Party Plaintiff | |
| vs. | **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| **MIDLAND CREDIT MANAGEMENT, INC.** | |
| Third-Party Defendant | |

       This case was originally filed by Midland Funding LLC on April 17, 2008. On May 19, 2008, Defendant Andrea Brent filed the Answer, Counterclaim and Third-Party Complaint. Plaintiff Midland Funding LLC then removed the case to District Court, Northern District of Ohio, on June 13, 2008. Judge David A. Katz recently determined that the removal was improper and remanded the case back to this Court on May 17, 2011. Midland Funding LLC has dismissed its claim leaving only Defendant Andrea Brent's Counterclaim and Third Party Complaint.

       Andrea Brent now moves for leave to file a First Amended Complaint and to realign the parties, with Andrea Brent as the Plaintiff and Midland Funding LLC and Midland Credit Management as the Defendants, in order to reflect the true status of the litigation as it has been pursued over the past three years. A copy of the proposed First Amended Complaint is attached hereto as Attachment – 1. A copy of a proposed Judgment Entry granting leave is attached hereto as Attachment – 2.

Respectfully submitted,

Dennis E. Murray, Sr., Esq. (0008783)
E-Mail Address:  dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
E-Mail Address:  dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio  44870
Telephone:  (419) 624-3000
Facsimile:   (419) 624-0707

Attorneys for Defendant and Third-Party Plaintiff

## CERTIFICATE OF SERVICE

A copy of the foregoing **Motion for Leave to File First Amended Complaint**

was forwarded by first-class mail to the following:

Theodore W. Seitz
Dykema Gossett PLLC
Capitol View
201 Townsend, Suite 900
Lansing, MI  48933

Brian C. Block
Melissa Hager
Javitch, Block & Rathbone LLP
1100 Superior Ave, 19th Floor
Cleveland, Ohio  44114-2518

Attorneys for Plaintiffs and Third-Party Defendants

This _____ day of June, 2011.

_____
Dennis E. Murray, Sr., Esq. (0008783)
Donna J. Evans, Esq. (0072306)

Attorneys for Defendant and Counterclaim Plaintiff

3

# Tab 1

## IN THE SANDUSKY MUNICIPAL COURT
## ERIE COUNTY, OHIO

| | |
|---|---|
| **ANDREA L. BRENT** | Case No. CVF 0800975 |
| Plaintiff, | |
| vs. | Judge |
| **MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC.** | **PROPOSED FIRST AMENDED COMPLAINT** |
| Defendants | |

### COMPLAINT

Plaintiff, through her undersigned counsel, files her First Amended Complaint against Defendants, Midland Funding LLC ("Midland"), and Midland Credit Management, Inc. ("MCM").   These claims are brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the common law of Ohio.

### PARTIES

1.     Plaintiff Andrea L. Brent (Brent) is a natural person residing in Sandusky, Erie County, Ohio.

2.     Midland is a Delaware Limited Liability Company, with a regular place of business in San Diego, California.  Midland regularly conducts business in the sate of Ohio. Midland acquires consumer debts when in default and is engaged in the business of collecting those debts.

3.     MCM is a Kansas corporation engaged in the business of collecting debts in Ohio and throughout the country.  MCM's headquarters are located in San Diego, California. MCM regularly attempts to collect debts alleged to be due another.

## FACTS COMMON TO ALL COUNTS

4.     Midland, through its attorneys, filed a Complaint in an attempt to collect the debt allegedly owed it by Plaintiff.  Upon information and belief, Midland is and has been a plaintiff in tens of thousands of debt collection lawsuits in Ohio and across the country.

5.     Plaintiff had no knowledge of this alleged debt, nor the existence of MCM and/or Midland, prior to her receipt of the summons and Complaint in this action.  Plaintiff had no prior contact from either entity in person, by telephone or by mail.

6.     Plaintiff, upon learning that she had been sued for a debt she knew nothing about, became extremely upset and distraught.

7.     MCM, as servicer of the alleged Midland account hired counsel and directed counsel to initiate this action based on the representations made by an MCM employee contained in the affidavit attached as Exhibit B (Form 400) to the Complaint.  (Exhibit is attached hereto as Exhibit B).  Exhibit B purports to represent facts pertaining to the alleged debt within the personal knowledge of the affiant.

8.     The MCM employee who authored Exhibit B (Form 400) on February 4, 2008, swore under penalty of perjury that such employee possessed personal knowledge that:

   a.  As of November 10, 2000, Plaintiff owed a balance of $4,516.57 on a
       CITIBANK USA account;

   b.  That Plaintiff failed to make payments on the account;

2

   c. That demand had been made of Plaintiff to make payments on the account more than thirty (30) days previous to his signature;

   d. That the balance due as of November 10, 2000 continued to earn annual interest at the rate of 8%; and

   e. That Plaintiff is not a minor or mentally incapacitated "based upon business dealings with Plaintiff".

9. Upon information and belief, Form affidavits, such as the one attached to Midland's Complaint, are signed by MCM employees who have no personal knowledge of any of the facts asserted.

10. Midland's Complaint alleged that Plaintiff entered into a written contract with CITIBANK USA and alleges that the attached Exhibit A is that agreement. Exhibit A does not identify Plaintiff as a party to any agreement and contains no signatures or any information pertinent to the parties to the agreement. (Exhibit is attached hereto as Exhibit A).

11. Upon information and belief, MCM and Midland filed suit in an attempt to collect a debt when they had no evidentiary basis to support their claims.

12. MCM and Midland filed suit knowing that they did not and cannot establish that Defendant owed the alleged debt.

13. Upon information and belief, MCM and Midland have a standard practice of filing lawsuits which have no evidentiary factual basis and that are not warranted under the applicable law, such as this one, with a goal of obtaining a default judgment.

14. Upon information and belief, MCM and Midland attach virtually identical form affidavits to each of these lawsuits, alleging facts to which the MCM employees have no

personal knowledge. MCM and Midland have no intention to pursue the claims if challenged, voluntarily dismissing the suits, or failing to appear.

15. In the past year prior to the filing of the Complaint, Midland had filed approximately 80 consumer collection cases in Sandusky, Ohio Municipal Court. There had been filed approximately 375 additional consumer collection cases in Findlay Municipal Court, Vermilion Municipal Court, and the Municipal Courts of Lake County, Ohio alone - courts which have computerized records available for review and verification.

## CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of a class, pursuant to Rule 23 of the Ohio Rules of Civil Procedure.

17. The class consists of (a) all natural persons (b) sued in the name of Midland or MCM (c) where a form affidavit used in the suit was filed with the Court, and (e) the suit was filed on or after a date one year prior to the commencement of this action.

18. The class members are so numerous that joinder is impracticable.

19. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

      a. Whether Midland and MCM have a practice of filing false form affidavits; and

      b. Whether such practices violate the FDCPA and OCSPA.

20. The claims of Plaintiff are typical of the claims of class members. All are based on the same facts and the same legal theories.

21.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

22.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

**COUNT ONE**
**(Violation of the FDCPA – 15 U.S.C. § 1692 *et seq.*)**

23.     Plaintiff re-alleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

24.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. § 1692a(5).

25.     MCM and Midland are regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

26.     The acts and omissions of MCM and Midland violated the FDCPA, including, but not limited to:

a.  Using false, deceptive, and misleading representations and means in connection with Plaintiff's alleged debt by falsely representing the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2);

b.  Using false, deceptive, and misleading representations and means in connection with the collection of Plaintiff's alleged debt by using false

5

representations and deceptive means to collect or attempt to collect Plaintiff's alleged debt in violation of 15 U.S.C. § 1692e(10); and

c. Employing other false, deceptive, or misleading representations in connection with the collection of Plaintiff's alleged debt in violation of 15 U.S.C. § 1692e.

27. As a direct and proximate result of Midland and MCM's violations of the FDCPA, Plaintiff has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as the cost of defending the unwarranted and illegal collection lawsuit brought against her.

28. As a result of Midland and MCM's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from both Midland and MCM.

## COUNT TWO
### (Violation of the Ohio Consumer Sales Practices Act – ORC § 1345 et seq.)

29. Plaintiff re-alleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

30. MCM and Midland's conduct as described above was unfair and/or deceptive and therefore constituted a knowing violation of the prohibitions contained in Ohio Rev. Code § 1345.02(A).

31. MCM and Midland's conduct as described above was also an unconscionable consumer act or practice and therefore constituted a knowing violation of the prohibitions contained in Ohio Rev. Code § 1345.03(A).

32.     As a direct and proximate result of Defendant's violations, Plaintiff and the members of her class sustained damages in an amount to be proved at trial.

## PRAYER FOR RELIEF ON BOTH COUNTS

Plaintiff, Andrea Brent, prays that this Court grant the following relief in favor of Plaintiff and the class members against Midland and MCM:

1.     Declare that Midland and MCM's collection actions violate the FDCPA;

2.     Declare that Midland and MCM's actions violate the OCSPA.

3.     Enter judgment in favor of Bent and the members of her class against Midland and MCM for actual and statutory damages, costs, and reasonable attorneys' fees, pre and post judgment interest exceeding $25,000;

4.     Certify this action as a class action and enter judgment in favor of the class members against Midland and MCM for actual and statutory damages, costs, and reasonable attorneys fees as provided by § 1692k(a) of the FDCPA and the OCSPA in an amount exceeding $25,000; and

5.     Grant such further relief as deemed just, with pre and post injunctive relief.

## JURY DEMAND

The Plaintiff hereby demands trial by jury of the above case.

Respectfully submitted,

_____
Dennis E. Murray, Sr., Esq. (0008783)
E-Mail Address:  dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
E-Mail Address:  dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio  44870
Telephone:  (419) 624-3000
Facsimile:    (419) 624-0707

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

A copy of the foregoing **First Amended Complaint** was forwarded by first-class

mail to the following:

Theodore W. Seitz
Dykema Gossett PLLC
Capitol View
201 Townsend, Suite 900
Lansing, MI  48933

Brian C. Block
Melissa Hager
Javitch, Block & Rathbone LLP
1100 Superior Ave, 19th Floor
Cleveland, Ohio  44114-2518

Attorneys for Defendants

This *17th* day of May, 2011.

 

 

Dennis E. Murray, Sr., Esq. (0008783)
Donna J. Evans, Esq. (0072306)

Attorneys for Plaintiff

9

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing **First Amended Complaint** was forwarded by first-class

mail to the following:

Theodore W. Seitz
Dykema Gossett PLLC
Capitol View
201 Townsend, Suite 900
Lansing, MI 48933

Brian C. Block
Melissa Hager
Javitch, Block & Rathbone LLP
1100 Superior Ave, 19th Floor
Cleveland, Ohio 44114-2518

Attorneys for Defendants

This _____ day of June, 2011.


Dennis E. Murray, Sr., Esq. (0008783)
Donna J. Evans, Esq. (0072306)

Attorneys for Plaintiff

# Tab 2

## IN THE SANDUSKY MUNICIPAL COURT
## ERIE COUNTY, OHIO

| | |
|---|---|
| **MIDLAND FUNDING LLC** | Case No. CVF 0800975 |
| Plaintiff, | |
| vs. | Judge |
| **ANDREA L. BRENT** | |
| Defendant and Third-Party Plaintiff | |
| vs. | **JUDGMENT ENTRY** |
| **MIDLAND CREDIT MANAGEMENT, INC.** | |
| Third-Party Defendant | |

For good cause shown, Defendant and Third-Party Plaintiff's Motion for Leave to File First Amended Complaint, is hereby granted.  Defendant and Third-Plaintiff shall file the First Amended Complaint forthwith.  Upon such filing, the Clerk is hereby ordered to realign the parties so that Andrea Brent is the Plaintiff and Midland Funding LLC and Midland Credit Management are the Defendants.

_____        _____
Date                                          Judge

# IN THE SANDUSKY MUNICIPAL COURT
## ERIE COUNTY, OHIO

| | |
|---|---|
| **MIDLAND FUNDING LLC** | Case No. CVF 0800975 |
| Plaintiff, | |
| vs. | Judge |
| **ANDREA L. BRENT** | |
| Defendant and Third-Party Plaintiff | |
| vs. | **JUDGMENT ENTRY** |
| **MIDLAND CREDIT MANAGEMENT, INC.** | |
| Third-Party Defendant | |

For good cause shown, Defendant and Third-Party Plaintiff's Motion for Leave to File First Amended Complaint, is hereby granted.  Defendant and Third-Plaintiff shall file the First Amended Complaint forthwith.  Upon such filing, the Clerk is hereby ordered to realign the parties so that Andrea Brent is the Plaintiff and Midland Funding LLC and Midland Credit Management are the Defendants.

_____
Date

_____
Judge

**IN THE SANDUSKY MUNICIPAL COURT**
**ERIE COUNTY, OHIO**

| | |
|---|---|
| ANDREA L. BRENT | Case No. CVF 0800975 |
|       Plaintiff, | |
| vs. | Judge |
| MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC. | **FIRST AMENDED COMPLAINT** |
|       Defendants | |

## COMPLAINT

Plaintiff, through her undersigned counsel, files her First Amended Complaint against Defendants, Midland Funding LLC ("Midland"), and Midland Credit Management, Inc. ("MCM"). These claims are brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the common law of Ohio.

## PARTIES

1.    Plaintiff Andrea L. Brent (Brent) is a natural person residing in Sandusky, Erie County, Ohio.

2.    Midland is a Delaware Limited Liability Company, with a regular place of business in San Diego, California. Midland regularly conducts business in the sate of Ohio. Midland acquires consumer debts when in default and is engaged in the business of collecting those debts.

3.      MCM is a Kansas corporation engaged in the business of collecting debts in Ohio and throughout the country. MCM's headquarters are located in San Diego, California. MCM regularly attempts to collect debts alleged to be due another.

### FACTS COMMON TO ALL COUNTS

4.      Midland, through its attorneys, filed a Complaint in an attempt to collect the debt allegedly owed it by Plaintiff. Upon information and belief, Midland is and has been a plaintiff in tens of thousands of debt collection lawsuits in Ohio and across the country.

5.      Plaintiff had no knowledge of this alleged debt, nor the existence of MCM and/or Midland, prior to her receipt of the summons and Complaint in this action. Plaintiff had no prior contact from either entity in person, by telephone or by mail.

6.      Plaintiff, upon learning that she had been sued for a debt she knew nothing about, became extremely upset and distraught.

7.      MCM, as servicer of the alleged Midland account hired counsel and directed counsel to initiate this action based on the representations made by an MCM employee contained in the affidavit attached as Exhibit B (Form 400) to the Complaint. (Exhibit is attached hereto as Exhibit B). Exhibit B purports to represent facts pertaining to the alleged debt within the personal knowledge of the affiant.

8.      The MCM employee who authored Exhibit B (Form 400) on February 4, 2008, swore under penalty of perjury that such employee possessed personal knowledge that:

    a.  As of November 10, 2000, Plaintiff owed a balance of $4,516.57 on a CITIBANK USA account;

    b.  That Plaintiff failed to make payments on the account;

2

c. That demand had been made of Plaintiff to make payments on the account more than thirty (30) days previous to his signature;

d. That the balance due as of November 10, 2000 continued to earn annual interest at the rate of 8%; and

e. That Plaintiff is not a minor or mentally incapacitated "based upon business dealings with Plaintiff".

9. Upon information and belief, Form affidavits, such as the one attached to Midland's Complaint, are signed by MCM employees who have no personal knowledge of any of the facts asserted.

10. Midland's Complaint alleged that Plaintiff entered into a written contract with CITIBANK USA and alleges that the attached Exhibit A is that agreement. Exhibit A does not identify Plaintiff as a party to any agreement and contains no signatures or any information pertinent to the parties to the agreement. (Exhibit is attached hereto as Exhibit A).

11. Upon information and belief, MCM and Midland filed suit in an attempt to collect a debt when they had no evidentiary basis to support their claims.

12. MCM and Midland filed suit knowing that they did not and cannot establish that Defendant owed the alleged debt.

13. Upon information and belief, MCM and Midland have a standard practice of filing lawsuits which have no evidentiary factual basis and that are not warranted under the applicable law, such as this one, with a goal of obtaining a default judgment.

14. Upon information and belief, MCM and Midland attach virtually identical form affidavits to each of these lawsuits, alleging facts to which the MCM employees have no

personal knowledge. MCM and Midland have no intention to pursue the claims if challenged, voluntarily dismissing the suits, or failing to appear.

15.    In the past year prior to the filing of the Complaint, Midland had filed approximately 80 consumer collection cases in Sandusky, Ohio Municipal Court. There had been filed approximately 375 additional consumer collection cases in Findlay Municipal Court, Vermilion Municipal Court, and the Municipal Courts of Lake County, Ohio alone - courts which have computerized records available for review and verification.

## CLASS ALLEGATIONS

16.    Plaintiff brings this action on behalf of a class, pursuant to Rule 23 of the Ohio Rules of Civil Procedure.

17.    The class consists of (a) all natural persons (b) sued in the name of Midland or MCM (c) where a form affidavit used in the suit was filed with the Court, and (e) the suit was filed on or after a date one year prior to the commencement of this action.

18.    The class members are so numerous that joinder is impracticable.

19.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

        a.  Whether Midland and MCM have a practice of filing false form affidavits; and

        b.  Whether such practices violate the FDCPA and OCSPA.

20.    The claims of Plaintiff are typical of the claims of class members. All are based on the same facts and the same legal theories.

4

21.     Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

22.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.  Many debtors may not realize that their rights are violated.

**COUNT ONE**
**(Violation of the FDCPA – 15 U.S.C. § 1692 *et seq.*)**

23.     Plaintiff re-alleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

24.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. § 1692a(5).

25.     MCM and Midland are regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

26.     The acts and omissions of MCM and Midland violated the FDCPA, including, but not limited to:

> a. Using false, deceptive, and misleading representations and means in connection with Plaintiff's alleged debt by falsely representing the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2);

> b. Using false, deceptive, and misleading representations and means in connection with the collection of Plaintiff's alleged debt by using false

5

representations and deceptive means to collect or attempt to collect Plaintiff's alleged debt in violation of 15 U.S.C. § 1692e(10); and

c.  Employing other false, deceptive, or misleading representations in connection with the collection of Plaintiff's alleged debt in violation of 15 U.S.C. § 1692e.

27.  As a direct and proximate result of Midland and MCM's violations of the FDCPA, Plaintiff has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as the cost of defending the unwarranted and illegal collection lawsuit brought against her.

28.  As a result of Midland and MCM's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from both Midland and MCM.

## COUNT TWO
### (Violation of the Ohio Consumer Sales Practices Act – ORC § 1345 et seq.)

29.  Plaintiff re-alleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

30.  MCM and Midland's conduct as described above was unfair and/or deceptive and therefore constituted a knowing violation of the prohibitions contained in Ohio Rev. Code § 1345.02(A).

31.  MCM and Midland's conduct as described above was also an unconscionable consumer act or practice and therefore constituted a knowing violation of the prohibitions contained in Ohio Rev. Code § 1345.03(A).

32.     As a direct and proximate result of Defendant's violations, Plaintiff and the members of her class sustained damages in an amount to be proved at trial.

## PRAYER FOR RELIEF ON BOTH COUNTS

Plaintiff, Andrea Brent, prays that this Court grant the following relief in favor of Plaintiff and the class members against Midland and MCM:

1.     Declare that Midland and MCM's collection actions violate the FDCPA;

2.     Declare that Midland and MCM's actions violate the OCSPA.

3.     Enter judgment in favor of Bent and the members of her class against Midland and MCM for actual and statutory damages, costs, and reasonable attorneys' fees, pre and post judgment interest exceeding $25,000;

4.     Certify this action as a class action and enter judgment in favor of the class members against Midland and MCM for actual and statutory damages, costs, and reasonable attorneys fees as provided by § 1692k(a) of the FDCPA and the OCSPA in an amount exceeding $25,000; and

5.     Grant such further relief as deemed just, with pre and post injunctive relief.

## JURY DEMAND

The Plaintiff hereby demands trial by jury of the above case.

7

Respectfully submitted,

_____
Dennis E. Murray, Sr., Esq. (0008783)
E-Mail Address:  dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
E-Mail Address:  dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio  44870
Telephone:  (419) 624-3000
Facsimile:   (419) 624-0707

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

A copy of the foregoing **First Amended Complaint** was forwarded by first-class

mail to the following:

Theodore W. Seitz
Dykema Gossett PLLC
Capitol View
201 Townsend, Suite 900
Lansing, MI  48933

Brian C. Block
Melissa Hager
Javitch, Block & Rathbone LLP
1100 Superior Ave, 19th Floor
Cleveland, Ohio  44114-2518

Attorneys for Defendants

This 17 day of June, 2011.


_____
Dennis E. Murray, Sr., Esq. (0008783)
Donna J. Evans, Esq. (0072306)

Attorneys for Plaintiff

9